ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KINGSLEY BERNARD,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Defendants.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-3270 (FB)

*Appearances:*
*For the Petitioner:*
KINGSLEY BERNARD, *Pro Se*
No. 56134-004
Federal Complex-USP1
P.O. Box 1033
Coleman, Florida 33521

*For the Respondent:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By:    AMIR TOOSSI, ESQ.
         Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        Kingsley Bernard ("Bernard"), appearing *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Bernard was a member of a well-organized and extremely violent robbery crew; following a jury trial, he was convicted of one count each of: conspiracy to obstruct commerce by robbery (18 U.S.C. § 1951); obstruction of commerce by robbery (18 U.S.C. § 1951); attempt to obstruct commerce by robbery (18 U.S.C. § 1951); murder during a crime of violence (18 U.S.C. § 924); and two counts of use of a firearm in a crime of violence (18 U.S.C. § 924). He was sentenced on December 1, 2004, to a term of life in prison on the murder charge plus thirty years on the other charges. His conviction and sentence were affirmed on direct appeal. *United States v. Bernard*, 151 Fed. Appx. 76 (2d Cir. 2005); *see also United States v. Bernard*, No. 98-CR-500,

Docket Entry No. 403 (E.D.N.Y. Nov. 17, 2005) (noting receipt of Second Circuit mandate affirming conviction and sentence).

Bernard's § 2255 petition is clearly untimely. *See* 28 U.S.C. § 2255(f) (specifying periods of limitation under Antiterrorism and Effective Death Penalty Act ("AEDPA")). AEDPA's one-year period of limitation begins to run as of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Bernard's judgment of conviction was final in February 2006, once his 90 days to seek Supreme Court review expired. *See* Sup. Ct. R. 13(1) (setting 90-day limit). His opportunity to seek relief under § 2255 therefore expired sometime in February 2007 — 29 months before he filed this petition. Bernard claims that an untimely certiorari petition cures this deficiency, but he waited more than three years to file that petition; it was denied. *See* Docket, *Bernard v. United States*, No. 08-8925 (Feb. 13, 2009) (noting receipt of petition); *cert. denied*, 129 S.Ct. 1658 (Mar. 23, 2009).[1] His certiorari proceedings have no bearing on the timeliness of this petition.

Bernard does not refer to an "impediment . . . created by governmental action" that prevented him from filing his petition. 28 U.S.C. § 2255(f)(2). Nor does he refer to any retroactive rights that have been newly recognized by the Supreme Court.

---

[1] The docket of the Supreme Court is available online at:
http://origin.www.supremecourtus.gov/docket/08-8925.htm (last viewed Jan. 25, 2010).

28 U.S.C. § 2255(f)(3). Nor does he refer to any new facts. 28 U.S.C. § 2255(f)(4). In sum, Bernard offers no explanation why AEDPA's statute of limitations does not bar his petition.[2]

Bernard's petition is dismissed as untimely.[3] No certificate of appealability will be issued since he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

/S/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 29, 2010

---

[2] Bernard is keenly aware of the strictures of AEDPA's statute of limitations. He argues that § 2255 is "inapplicable" because of his untimely certiorari proceedings and that "[a]ny reference about time bar is clearly erroneous and should not be entertained by the court[.]" Pet'n at 14, 18. Bernard is incorrect, or else a § 2255 petitioner would be able to restart the limitations period — at any time — by filing an untimely petition for certiorari.

[3] The strictures of AEDPA's limitations period work no injustice to Bernard; the Court has reviewed his claims of error and finds each to be without merit for the reasons set forth in the Government's memorandum. See Gov't Mem. in Opposition, Docket Entry No. 7, at 13 (ineffective assistance of counsel), 14-18 (confrontation clause), 18-19 (element of interstate commerce), 28-29 (type of firearm used in firearm convictions), 30 (DOJ's Petite policy), 31-32 (application of U.S.S.G. § 2A1.1), 34 (imposition of consecutive mandatory minimums for firearm convictions) (Dec. 24, 2009); see also Clanton v. United States, 284 F.3d 420, 426 (2d Cir. 2002) (district court may adopt specific portions of Government's memorandum to dispose of § 2255 petition).